## Bird M. Simpson, plaintiff in error *v.* Moses M. Rawlings, defendant in error.

*Error to Marion.*

A justice of the peace has no jurisdiction where the original amount of the demand exceeds one hundred dollars, though it may have been reduced below that sum by credits.

This cause was tried on appeal from a judgment of a justice of the peace of Marion county, before the Hon. Thomas C. Browne, at the September term, 1832, of the Marion Circuit Court.

Davis and Breese, for the plaintiff in error, cited:
R. L. 1827, 259 § 1; Breese 263, Ellis *v.* Snider; *Ibid.* 21, Clark *v.* Cornelius; *Ibid.* 153, Maurer *v.* Derrick; *Ibid.* 293, Blue *v.* Wier and Vanlandingham; 1 Chit. Plead. 298 n. 1, 357.

Eddy, for the defendant in error, cited:
1 Chit. Plead. 92 n. 4; 14 Mass. 99; 5 Cowen 195; 10 Serg. & Rawle 321; 12 Johns. 227; 1 Chit. Plead. 91, 104, 262; 3 Blac. Com. 155; Bul. N. P. 171; 3 Saund. 182 n. 1; 1 Bailey's Index 453; 1 Cranch 285, 286; 2 Stark. Ev. 123–302; Langham *v.* Boggs, 1 Missouri 476, 575; Buckner *v.* Amour, 1 Missouri 534; 1 Serg. & Rawle 19, 20, 21.

(1) But see Act of March 1, 1833, Gale's Stat. 723; R. L. 659.
(2) *See* Marshall *v.* Maury, *Post.*

LOCKWOOD, Justice, delivered the opinion of the Court:

Rawlings brought an action before a justice of the peace against Simpson, on a note for $110,47, on which note was endorsed a credit of $10,50, leaving a balance due on the note, of $99,97. On the 31st of March, 1832, the justice gave judgment for Rawlings for $99,97, and interest on that amount, to commence from the 11th day of August, 1831. From this judgment Simpson took an appeal to the Circuit Court of Marion county, where the judgment of the justice was affirmed. To reverse the judgment of the Circuit Court, a writ of error has been sued out to bring the cause into this Court, and the plaintiff in error assigns for error that the justice of the peace had no jurisdiction of the subject matter of the suit. By the "*Act concerning Justices of the Peace and Constables*," justices have jurisdiction "for any debt claimed to be due on a promissory note, contract, or agreement in writing, where the whole amount(1) of such written contract, agreement, or note, shall not exceed one hundred dollars."

The Court can put no other construction upon the statute above recited, than that the justice has no jurisdiction where, by the face of the note, a larger sum is stipulated to be paid than $100.

The credit endorsed on the note, did not render "the whole amount of the note" less than $100. This Court has frequently decided that where the plaintiff exhibited an account against the defendant for more than $100, but reduced the amount due to less than $100 by credits, that the justice had no jurisdiction; and we cannot perceive any distinction between those cases, and the one now before the Court. We are therefore of opinion that the judgment must be reversed because the justice of the peace had no jurisdiction of the cause.

*Judgment reversed.*

*Note.* Since the decision of this cause, an act has been passed giving to justices of the peace jurisdiction in cases where the original indebtedness exceeds one hundred dollars, but has been reduced below that sum by fair credits. Gale's Stat. 425; R. L. 415. See Hugunin v. Nicholson, decided December term, 1839, *Post.*

(1) Gale's Stat. 402. See also pp. 414, 425; R. L. 386, 401, 415.